IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS JONES, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHERIFF JEWELL WILLIAMS and | : | NO. 18-491 |
| MAYOR JIM KENNEY, et al., | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 13th day of February, 2018, upon consideration of Mr. Jones's motion to proceed *in forma pauperis* and *pro se* Complaint, it is ORDERED that:

1. Leave to proceed *in forma pauperis* is GRANTED.

2. Plaintiff, Marcus Jones, #JU-4388, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by Mr. Jones, an initial partial filing fee of $1.04 is assessed. The Superintendent or other appropriate official at SCI-Houtzdale or at any other prison at which Mr. Jones may be incarcerated is directed to deduct $1.04 from Mr. Jones's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-491. In each succeeding month when the amount in Mr. Jones's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Jones's inmate trust fund account until the fees are paid. Each payment shall reference the docket number for this case, Civil Action No. 18-491.

3. Mr. Jones's complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Mr. Jones asserts constitutional claims pursuant to 42 U.S.C. § 1983 against Sheriff Jewell Williams and Mayor Jim Kenney. He alleges that on September 8, 2017, while he was being transported from the Curran-Fromhold Correctional Facility to the Criminal Justice Center, he was injured when the sheriff's bus in which he was traveling was involved in a motor vehicle accident. Mr. Jones alleges that the individual transporting him "exceeded the speed limit" and caused the accident, which resulted in injuries to Mr. Jones's neck and lower back. (Compl. at 3.) He also alleges that he was taken to the hospital and given painkillers after the accident, but that he "required therapy and additional medicine." (*Id.*)

The Complaint only identifies Sheriff Williams and Mayor Kenney as defendants. However, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In other words, Sheriff Williams and Mayor Kenney may not be held liable in a § 1983 action based solely on the fact that one of their subordinates violated Mr. Jones's rights. Instead, they may only be held liable based their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated Mr. Jones's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Here, Mr. Jones does not allege that either Defendant drove the bus in question or played any role in the events giving rise to his claims. Accordingly, he has not stated a claim against them.

---

[1] To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Mr. Jones is proceeding pro se, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

In any event, the Complaint does not state a constitutional violation as pled. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). As Mr. Jones's status during the relevant events is not clear from the Complaint, the Court will analyze the Complaint under both amendments. To establish an Eighth Amendment violation, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The prisoner must also establish that the defendants acted with deliberate indifference, in that they consciously disregarded a risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a detainee must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39. "Under any standard . . . , governmental actors' intent must be greater than mere negligence for their alleged misconduct to support a constitutional claim." *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)).

Here, Mr. Jones's only allegation is that the driver of the van transporting him exceeded the speed limit and caused an accident. He does not provide any additional information that would provide a basis from which this Court could plausibly infer that the driver of the bus consciously disregarded a risk to his safety. In other words, Mr. Jones's allegation that the driver of the van exceeded the speed limit and caused a motor vehicle accident at most suggests that the driver was negligent. *See, e.g., Otero v. Catalogne*, No. 08-282 ERIE, 2010 WL 3883444, at

*11 (W.D. Pa. Sept. 28, 2010) ("[A]bsent any allegation showing that the driver was consciously made aware that he was creating a substantial risk of serious harm, yet chose to ignore the risk, a claim of deliberate indifference cannot stand") (collecting cases). Additionally, if Mr. Jones intends to bring a claim based on his belief that he should have received additional medical treatment for his injuries, he must allege facts showing that a named defendant was deliberately indifferent to his serious medical needs. *See Farmer*, 511 U.S. at 835; *Edwards v. Northampton Cty.*, 663 F. App'x 132, 136 (3d Cir. 2016) (per curiam).

    4.   Mr. Jones is given leave to file an amended complaint within thirty (30) days of the date of this order. If Mr. Jones files an amended complaint, he should identify all of the defendants in the caption of the amended complaint in addition to the body of the amended complaint, and describe how each defendant was responsible for violating his rights. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so ORDERED.

    5.   The Clerk of Court shall send Mr. Jones a blank copy of the Court's form complaint to be used by a prisoner filing a civil rights action bearing the above civil action number.

    6.   The Clerk of Court is directed to send a copy of this order to the Superintendent of SCI-Houtzdale.

    7.   If Mr. Jones fails to comply with this order, his case may be dismissed for failure to prosecute without further notice.

**BY THE COURT:**

_____
MITCHELL S. GOLDBERG, J.